## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINALD PUIFORY,<br><br>    Plaintiff<br><br><br>        v.<br><br>EDWARD F. REILLY, JR.,<br>    et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-1007 (RCL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Edward F. Reilly, Cranston Mitchell, Patricia K. Cushwa, Deborah Spagnoli, Isaac Fulwood, Jr. ("Defendants"), in their official capacities only, hereby respectfully move, pursuant to Fed. R. Civ. P. 12(b)(3) and (6), for dismissal of this action for improper venue and failure to state a claim upon which relief may be granted.

In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities and to the entire record in this case. A proposed order consistent with the relief sought herein is attached.

*Pro se* plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. *See Fox v. Strickland,* 837 F.3d 507, 509 (D.C. Cir. 1988).

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____

KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth Street, N.W., Room 4210
Washington, D.C. 20530
(202) 514-7157 (telephone)
(202) 514-8780 (facsimile)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINALD PUIFORY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| v. | ) Civil Action No. 07-1007 (RCL) |
| | ) |
| EDWARD F. REILLY, JR., | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Edward F. Reilly, Cranston Mitchell, Patricia K. Cushwa, Deborah Spagnoli, Isaac Fulwood, Jr. ("Defendants"), in their official capacities only, hereby submit this memorandum of points and authorities in support of their motion to dismiss.[1]  Specifically, Defendants move to dismiss this complaint pursuant to Fed. R. Civ. P. 12(b)(3) and (6).  For the reasons set forth below, the Defendants respectfully request that the Court dismiss this matter in its entirety.

## BACKGROUND

Reginald S. Puifory, *pro se* ("Plaintiff"), Register Number 10595-007, is an inmate currently housed at Unites States Penitentiary, Lewisburg, Pennsylvania. Compl. at 1, ¶5. On March 10, 1978, Plaintiff was sentenced to twenty-five years to life for felony murder while armed and burglary while armed. Compl. at 1, ¶12. Plaintiff's conviction and sentence arose

---

[1]    Records of the United States Parole Commission indicate that Defendants were not served in accordance with Fed. R. Civ. P. 4(i)(2)(A).  Nevertheless, Defendants acknowledge the provisions of Fed. R. Civ. P. 4(i)(3)(A).

from a homicide that occurred on August 29, 1977. On that day, Plaintiff engaged in an argument with the victim that became physical. *Exhibit 1*, United States Parole Commission, Notice of Action, dated December 26, 2000 ("USPC, NOA"). Plaintiff became very angry, returned home to retrieve a shotgun, which he brought back to the scene of altercation wrapped in a towel and shot the victim. The incident on August 29, 1977, occurred within nine months of Plaintiff's release on parole arising from an earlier homicide on April 6, 1975. Plaintiff stabbed the victim because he made threatening moves towards himself and his cousin who had been involved in a relationship with the victim. Exhibit 2, USPC NOA dated August 9, 2007. Plaintiff was sentenced to three years for manslaughter.

Plaintiff was eligible for initial parole on September 7, 2000 and a hearing was conducted on November 9, 2000. The USPC denied parole because Plaintiff fell within the numerical guidelines for parole denial. Subsequent rehearings were conducted in 2002 and 2004 but parole was denied there for the same reasons.[2] However, in 2004, Plaintiff was determined to be eligible for a presumptive release date within three years pursuant to 28 C.F.R. 2.75 and continued for a rehearing in 2006. In 2006, the USPC amended its 2004 order by continuing Plaintiff's hearing until August 2007.[3] Plaintiff contends that consideration of his parole under

---

[2]    Plaintiff's initial hearing was reviewed under the Commission's original 1998 guidelines for D.C. Code offenders. The Commission subsequently determined that the 2000 guidelines for D.C. Code offenders should apply to all D.C. Code offenders who received their initial hearings before the Commission. See 28 C.F.R. § 2.80(a)(2003). Accordingly, Plaintiff's rehearings were conducted pursuant to the updated guidelines, which are currently found at 28 C.F.R. § 2.80 (2006).

[3]    On August 9, 2007, the USPC denied parole and continued a rehearing until July 2010. The USPC added that a departure from the numerical guidelines was warranted by Plaintiff's involvement in two homicides.

the United States Parole Commission's regulations and guidelines rather than the D.C. Parole Board's ("Parole Board's") is a violation of the ex post facto clause of the Constitution.

The genesis of this and several other similar pending actions is the transfer of paroling authority from the Parole Board (abolished August 5, 2000) to the USPC under the 1997 National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Pub.L. 105-33, 111 Stat. 712; *see Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998). The Revitalization Act required the USPC to exercise its authority "pursuant to the parole laws and regulations of the District of Columbia," but also gave the USPC "... exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons...." *See* D.C. Code § 24-1231(a)(1) and (c)(1999), *recodified as* D.C. Code § 24-131(a)(1) and (c) (2001).

Pursuant to its "amend and supplement" authority, the USPC, effective August 5, 1998, adopted a revised version of the D.C. parole regulations that had been in effect since 1987. See 28 C.F.R. § 2.70 (1999) (the USPC's statement of authority for its revisions to the now-superseded rules of the Parole Board at 28 D.C.M.R. §100, et seq.). The existing parole guidelines of the Parole Board were adopted by the USPC with revisions which: (1) added additional risk factors to the "total point score" by which the suitability of each prisoner for parole was calculated, and (2) substituted, in place of the Parole Board's annual rehearing guideline, variable rehearing guideline ranges according to the Base Point Score (risk level) that is calculated for each prisoner (*e.g.* as in a rehearing range of 12-18 months).

3

The guidelines of the Parole Board, which were in effect from 1987 to 1998, are described in detail in *Ellis v. District of Columbia*, 84 F.3d 1413, 1415-17 (D.C. Cir. 1996). In brief, these guidelines required the calculation of a "Total Point Score" based on the prisoner's Salient Factor Score and additional risk points. The prisoner's Total Point Score indicated the risk level presented by each prisoner. If the Total Point Score was two or less at the initial hearing, the prisoner would ordinarily be granted parole. If the Total Point Score was three or more at the initial hearing, the prisoner would ordinarily be denied parole and the prisoner would be continued for a rehearing. At rehearings, a score of three would indicate that parole should ordinarily be granted. Similarly, under the USPC's 1998 rules,[4] a score of two points or less at an initial hearing, or three points or less at a rehearing, would ordinarily result in a release on parole. 28 C.F.R. Appendix §2.80(j) (2001).

Because points were subtracted from the Total Point Score at rehearings for positive prison programming, a well-behaved prisoner with a high Total Point Score could work his score down to a three after one or more rehearings. In the case where parole was denied, the ordinary continuance to a rehearing would be one year.

However, the Parole Board had plenary discretion to override the guidelines and deny parole notwithstanding a favorable Total Point Score, and to order a rehearing ("set off") after a much longer time than the ordinary one-year requirement. Successive rehearings were no

---

[4] Because the 1998 rule was adopted after July 1, 1998, it does not appear in the 1998 volume of 28 C.F.R. Similarly, the 2000 amendments do not appear until the 2001 volume of the C.F.R. In 2001, the older version of the rule was moved to an appendix to §2.80. Citations, for simplicity's sake, will therefore be to "28 C.F.R. §2.80 (2001)" (the 2000 version of the rule) and "28 C.F.R. Appendix §2.80 (2001)" (the 1998 version of the rule, moved into the Appendix by the 2000 amendment).

4

guarantee that parole would be granted. As explained in *Ellis*, 84 F.3d at 1419, "... under the regulations, a prisoner with a low total point score shall be granted parole unless the Board, in the exercise of its discretion, believes there is some other reason for not granting him parole." Factors to be considered for denial of parole notwithstanding numerical guideline dictates are identical for both the Parole Board and the USPC. Compare D.C. Code 24-204.22 to 28 C.F.R. 2.80(n).

    As stated above, in the USPC's 1998 revisions to this guideline system, it added to the Total Point Score some additional points that reflected the degree of violence in the prisoner's current offense and the number of violent crimes on the prisoner's prior record (i.e. the more violence, the higher the score). The USPC also replaced the annual rehearing guideline with specific guideline ranges to be followed in the case of parole denial. However, the USPC retained the Parole Board's basic guideline for grants and denials of parole, as well as the essential character of the Parole Board's guidelines as a risk-based measure of suitability for parole that applies as soon as a prisoner becomes eligible for parole.

    The USPC's revised version of the guidelines described in *Ellis*, *supra*, effective August 5, 1998, was again revised by the Commission effective December 4, 2000. *See* 28 C.F.R. § 2.80(2001), originally published at 65 Federal Register 70663 (November 27, 2000). The 2000 revision maintained the paroling policies expressed in the 1998 guidelines, but converted the rehearing ranges applicable to each prisoner into a Total Guideline Range to guide the USPC's decisions. The Total Guideline Range is based on the point score calculations contained in the 1998 guidelines, plus the number of rehearings a prisoner would normally expect (after completing his minimum term) if he maintained good behavior. The USPC explicitly stated in

5

promulgating the rule that:

> The revised guidelines convert the rehearing ranges into a single range indicating the total prison time that may be served by the inmate, and authorize the setting of presumptive release dates up to 36 months from the date of the parole hearing. ***However, the Point Assignment Table [contained in the prior rules] remains the basis upon which the guidelines are determined.*** . . . [T]he revised rule contains a presumptive credit for "ordinary program achievement," which currently [i.e., under the prior rule] must be determined on a case-by-case basis, in the guideline range itself. Hence, inmates will now receive the benefit of having their "ordinary program achievement" points credited in advance.
>
> The [rule] eliminates . . . the system of determining at each hearing (based on the Total Point Score) whether the inmate qualifies for parole at that time. It substitutes the following decisionmaking procedure.
>
> Under Step 1, a Base Guideline Range is determined from the Base Point Score. There is no change from the Base Point Score used in [the previous rule]. ***The time expected for the inmate to qualify for parole (assuming no disciplinary infractions and ordinary program achievement) is simply made explicit.***

> 65 Fed. Reg. at 70663 (emphasis added).

Plaintiff commenced this 42 U.S.C. 1983 action against Defendants in their official capacities on June 5, 2007. In his complaint, Plaintiff alleges that Defendants' consideration of his parole under the USPC's current regulations and guidelines rather than the defunct D.C. Parole Board's ("Parole Board") abrogated regulations and guidelines violated the ex post facto clause. The gravamen of Plaintiff's complaint is that Defendants denied him parole because the offense accountability period is longer under the USPC's regulations and guidelines than under the Parole Commission. Compl. at ¶¶23 and 60. Plaintiff also alleges that the sentencing court only intended that he serve 25 years or 300 months. *Id.* at ¶61. Indeed, as part of his relief,

6

Plaintiff seeks for the court to "deem that [his] service of this sentence to his parole eligibility date satisfied offense accountability for parole consideration purposes." *Id.* at 21, ¶2.

## ARGUMENT

### A.    Venue Is Improper

28 U.S.C. § 1391(e), which covers the venue provision for lawsuits against employees of the United States acting in their official capacities or any agency of the United States, provides that venue is proper in one of these three districts: (1) where a defendant in the action resides, (2) where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) where the plaintiff resides if no real property is involved in the action.[5]  In this case, Plaintiff sets forth no allegations to establish that venue can be maintained in this judicial district.  Plaintiff does not allege, let alone establish, that any Defendants in this action reside in the District of Columbia. Moreover, Plaintiff received his challenged parole hearing at his place of incarceration in the Western District of Pennsylvania and all decision-making regarding Plaintiff's parole occurred at the Parole Commission office in the District of Maryland. Thus, this compliant must also be dismissed for improper venue.

### B.    Plaintiff Fails to State a Claim Upon Which Relief Can be Granted

In resolving a motion to dismiss, pursuant to Rule 12(b)(6), the court must construe the factual allegations in the complaint in the light most favorable to plaintiff, but need not accept the legal conclusions or allegations without factual support in the allegations made. *Bell Atl.*

---

[5] Plaintiff erroneously states that venue is appropriate pursuant to 28 U.S.C. § 1391(b). Pl. Compl. at 2.  As discussed already, Plaintiff is suing Defendants only in their official capacities.

7

*Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matter of which the court may take judicial notice, and matters of public record. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

In order to prevail on an *ex post facto* claim such as Plaintiff's, a parolee is required to plead sufficient facts to support his allegation that the application of the USPC's regulations instead of the Parole Board's "created a significant risk of prolonging [the inmate's] incarceration." *Garner v. Jones*, 529 U.S. 244, 251 (2000). This Circuit has already concluded that, with regard to *parole*, the Parole Board and USPC's regulations are virtually identical. *Fletcher v. Reilly*, 433 F.3d 867, 869 (D.C. Cir. 2006) (emphasis in original). Accordingly, Plaintiff cannot meet the standard set forth in *Garner* because the minor differences between the Parole Board's regulations and the USPC's do not create a significant risk of prolonging Plaintiff's incarceration. Indeed, presumably, there are no facts that could be pled that would meet the standard set forth in *Garner*.

In *Garner, supra*, Georgia, amended its parole laws to change the period of time between parole rehearings for inmates serving life sentences from three years to eight years unless either the inmate showed a "change in circumstances" or the "receipt of 'new information'" justified an earlier date. *Id.* at 255. The inmate, who had committed two homicides, brought a 1983 action challenging the change. *Id.* at 248. The District Court denied the inmate's request for discovery and granted summary judgment against him because the change "created 'only the most speculative and attenuated possibility' of increasing the [inmate's] measure of punishment." *Id.* (quoting *California Dep't of Corrections v. Morales*, 514 U.S. 499, 509 (1995)). In reversing the

8

Eleventh Circuit, the Supreme Court agreed that, where the inmate had been serving one life sentence and escaped only to commit another murder, the decision not to rehear the inmate's parole for the maximum eight years did not "increase[] the risk of his serving a longer time...." *Id.* at 254-55. Similarly, in *Morales*, where California changed the frequency of parole rehearings from one year to three for inmates convicted of more than one homicide, the Supreme Court noted that "not every retroactive procedural change creating a risk of affecting an inmate's terms and condition of confinement is prohibited." 514 U.S. 499 at 508-09. "The question is "a matter of degree." *Garner*, 529 U.S. at 250 (quoting *Morales*, 514 U.S. at 509).

Plaintiff's complaint should be dismissed because his allegation that he was denied parole because the Parole Board's and the USPC's offense accountability periods differ is not supported by the records. Rather, the reason Plaintiff was denied parole initially is because he did not even fall within the numerical categories where parole is permitted. Indeed, the real reason Plaintiff's numbers did not merit parole is because Plaintiff has committed two homicides. That factor alone put Plaintiff outside of parole suitability because it increased both his Salient Factor Score and his Total Point Score. *Exhibit 1.* This is so even though two points were awarded to Plaintiff for superior program achievement. *Id.* The fact of the matter is that the two homicides Plaintiff committed continue to haunt him in his quest for release on parole.

This year, the USPC went outside of the numerical guidelines to deny Plaintiff parole expressly because Plaintiff is "a more serious risk than indicated by [his] guidelines because "[his] involvement in two homicides make [him] a more serious risk than indicated by [his] base point score...." *Exhibit 2.* Notably, in *Garner* and *Morales* the Court noted that "it was not reasonable to expect that parole would be granted during the intervening years" because of the

9

parolees' involvement in more than one homicide. *Garner*, 529 U.S. at 254.

Dismissal is proper here because, unlike *Garner*, Plaintiff cannot even claim that the period between parole hearings has been extended by up to five years. In Plaintiff's case, the USPC has reheard his case every other year since the initial hearing except in 2006, when Plaintiff's rehearing was continued until 2007. In other words, the USPC has had the opportunity to exercise its discretion over Plaintiff's suitability for parole but has denied same because it considers Plaintiff high risk. Plaintiff's case does not come remotely close to satisfying the standard set forth in *Garner*.

Recently, in *Moore v. O'Brien*, 2007 U.S. Dist. Lexis 34381 (W.D. Va 2007), the court dismissed a complaint alleging facts identical to Plaintiff's. *Id.* at 3-6. Relying on the observation that the Parole Board's system and the USPC's for initial and parole rehearings "mirrored" each other, *Fletcher*, 433 F.3d 867 at 869, the court found that application of the USPC's regulations and guidelines did not create a significant risk of prolonged incarceration. *Id.* at 20. After dismissing the complaint because the regulations did not significantly differ facially, the court also preempted any argument that a difference could be shown by the regulation's practical implementation because the plaintiff benefitted from the deductions for superior and ordinary program development. *Moore, supra* at 20, n10.

The inescapable conclusion from the above is that Plaintiff cannot show that a significant risk of prolonged incarceration ensued from the use of the USPC's regulations because they differ insignificantly from the Parole Board's. Therefore, no set of facts could state a claim and Plaintiff's complaint should be dismissed. Dismissal is also appropriate because Plaintiff cannot show that the practical implementation of the USPC's regulations result in a significant risk of

10

prolonged incarceration.

Moreover, the D.C. parole guidelines are no longer good law. Rather, with the transfer of jurisdiction to the Parole Commission under the Revitalization Act, the relevant regulations are those found in Title 28, Code of Federal Regulations.

Finally, there is no constitutional right to be released on parole under the D.C. parole statute. E.g., *McRae v. Hyman*, 667 A.2d 1356 (D.C. App. 1995) (D.C. parole statute and regulations do not create a liberty interest in parole, and Parole Board has discretion to disregard scoring system). It is further established law that the merits of parole decisions made under the D.C. statute are not reviewable by courts. E.g., *Bennett v. Ridley*, 633 A.2d 824, 826 (D.C. App. 1993) (court does not review merits of parole decision in habeas corpus); *Jones v. Braxton*, 647 A.2d 1116 (D.C. App. 1994)(court refused to review claim that Parole Board based its decision on inaccurate information, because merits of parole decision not reviewable).

## CONCLUSION

For all of the foregoing reasons, this action should be dismissed.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

11

_____/s/_____

KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth Street, N.W., Room 4210
Washington, D.C. 20530
(202) 514-7157 (telephone)
(202) 514-8780 (facsimile)

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of September, 2007, I caused service of the

foregoing **DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE,**

**FOR SUMMARY JUDGMENT** to be made on the *pro se* plaintiff via first class mail:

> **REGINALD S. PUIFORY**
> USP – Lewisburg
> P.O. Box 1000
> Lewisburg, Pa 17837

Respectfully submitted,

_____ /s/ _____
KENNETH ADEBONOJO
Special Assistant United States Attorney
555 Fourth Street, N.W., Room 4210
Washington, D.C. 20530
(202) 514-7157 (telephone)
(202) 514-8780 (facsimile)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| REGINALD PUIFORY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| | ) Civil Action No. 07-1007 (RCL) |
| v. | ) |
| | ) |
| EDWARD F. REILLY, JR., | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

### ORDER

UPON CONSIDERATION of the Defendant's Motion To Dismiss Plaintiff's Complaint,

support thereof, the grounds stated therefore and the entire record in this matter, it is by the Court

this _____ day of _____, 2007, hereby

ORDERED that the said motion be and hereby is granted, and

FURTHER ORDERED that this case is dismissed with prejudice.

This is a final and appealable order.

_____
HON. ROYCE C. LAMBERTH, U.S.D.J.

Copies to:

Kenneth Adebonojo
Assistant United States Attorney
555 4th Street, N.W
Washington, D.C. 20530

REGINALD S. PUIFORY
USP – Lewisburg
P.O. Box 1000
Lewisburg, Pa 17837

# EXHIBIT 1

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: PUIFORY, Reginald | Institution: Central Facility |
| AKA: ABDUL - WALID, Hammad | |
| Register Number: 00188+704 | DCDC No.: 188-704 |

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue for a rehearing in September 2002, after the service of 24 months from your parole eligibility date of September 7, 2000

**REASONS:**

Base Point Score: 8
Total Point Score: 6

Under the guidelines for D.C. Code offenders at initial hearings, your Total Point Score includes a deduction of 2 points for superior program achievement.

The guidelines for adult offenders at initial hearings indicate that parole should not be granted at this time. After consideration of all factors and information presented, a departure from the guidelines at this consideration is not warranted.

With your Base Point Score of 8, the rehearing guidelines indicate that you should be scheduled for a rehearing within 18-24 months from your parole eligibility date. After consideration of all factors and information presented, a departure from the rehearing guidelines at this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

See the attached sheet for your individual item points and explanations of the Salient Factor Score, Base Point Score and Total Point Score. The tables at the bottom of the sheet present the parole and rehearing guidelines.

**Date: December 26, 2000**

**Clerk: vah** vah

**PUIFORY.188**

**SALIENT FACTOR SCORE (SFS-98)**

| Your Pts | SFS-98 Item Explanation |
|---|---|
| 2.... | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 1.... | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1.... | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0.... | D - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0.... | E - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0.... | F - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 4.... | Salient Factor Score (SFS-98) (sum of points for A-F above) |

**TOTAL POINT SCORE**

| Your Pts | Total Point Score Item Explanations |
|---|---|
| +2.... | I - Contribution from Salient Factor Score<br>10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3 |
| +3.... | II - Current or Prior Violence<br>Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1 |
| +3.... | III - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)<br>Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1 |
| 8.... | Base Point Score (sum I-III above) |
| +0.... | IV - Negative Institutional Behavior<br>Negative institutional behavior involving: (1) assault upon a correctional staff member with bodily harm inflicted or threatened; (2) possession of a deadly weapon, (3) setting a fire so as to risk human life, (4) introduction of drugs for purposes of distribution, or (5) participating in a violent demonstration or riot = +2; Other negative institutional behavior = +1 |
| -2.... | V - Program Achievement<br>Ordinary program achievement = -1; Superior program achievement = -2 |
| 6.... | Total Point Score (sum of Base Point Score and points for IV and V above) |

| Adult Parole/Supervision Guidelines | | | Rehearing Guidelines | | Points For SFS Item C | | | |
|---|---|---|---|---|---|---|---|---|
| Total Point Score | Initial Hearing | Rehearing | Base Point Score | Months to Rehearing | Age | Prior Commitments | | |
| | | | | | | 0-3 | 4 | 5+ |
| 0 | Grant Parole Low Supv | Parole With Highest Level of Supervision | 0-4 | 12-18 | 26 & Up | 3 | 2 | 1 |
| 1 | Grant Parole High Supv | | 5-8 | 18-24 | 22-25 | 2 | 1 | 0 |
| 2 | Grant Parole Highest Supv | | 9 | 22-28 | 20-21 | 1 | 0 | 0 |
| 3 | Deny Parole | | 10 | 26-32 | 0-19 | 0 | 0 | 0 |
| 4+ | | Deny Parole | | | | | | |

Date: December 26, 2000

Page 2 of 2

Clerk: vah

PUIFORY.188

U.S. Department of Justice
U. S. Parole Commission

# D.C. INITIAL/REHEARING (POST-AUGUST 1998) ORDER

Name _Puifory, Reginald_   Institution: _Central_

Federal Register Number: _00188+704_   DCDC Number: _188-704_

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered: _September 2002_, after the service

(X One) →
(a) Rehear
(b) CTE

Deny parole. (a) Continue for a rehearing in _September_, after the service of _24_ months from your parole eligibility/initial/rehearing date of _September 7, 2000_ or (b) Continue to expiration. (Check appropriate special condition if supervision to follow). ___ Drug ___ Alcohol ___ Mental Health ___ Other (Specify) _____.

Base Point Score: _6_

| | |
|---|---|
| ___ 0-4 | 12-18 |
| ___ 5-8 | 18-24 |
| ___ 9 | 22-28 |
| ___ 10 | 26-32 |

_Robert Haworth_
_R. A. Turner_ 11/27/00
_John R. Simpson_ 11/28/2000
_J. L. Differs_ 11/30/2000

Date _November 9, 2000_

Date _____

(Date Notice sent)

(Region-specify)

National Appeals Board _____ (check)

National Commissioners _____ (check)

RELEASE PLAN TO: ___DC ___MD ___VA
___OTHER (SPECIFY)_____ Full Commission _____ (check)

Revised 4-01-00

PAROLE FORM

Due Date: _~/~-30-00_



# Memorandum

Name: _Rainford, Reginald_                    Date

Reg. No.:

DCDC No.: _00188 + 704_

From: _John R. Simpson_

To                                            Commissioner
                                              U.S. Parole Commission

National Commissioners
U.S. Parole Commission

This case is being referred pursuant to the provisions at 28 C.F.R. § 2.24(a) to comply with
the District of Columbia Parole Board member quorum requirements applicable to
Cosgrove cases.

COMMENTS BY COMMISSIONER: _____

_____

_____

_____

_____

_____

_____

                                    COMMISSIONER:_____    (Name)

COMMENTS BY COMMISSIONER: _____

_____

_____

_____

_____

_____

_____

                                    COMMISSIONER:_____    (Name)

multiple orders attached (      ).

(INI-S-A)

<SUMCODE-DCINIADT_SUM>
# D.C. INITIAL HEARING SUMMARY

## Offense of Conviction - Murder While Armed, Burglary II While Armed

Sentence Type    :**Adult**
Name             :PUIFORY, Reginald
Reg. No          :00188+704
Hearing Date     :11/9/2000
Institution      :Central Facility
Hearing Examiner :Rob Haworth

Prisoner's Statement:   The subject admitted that he was guilty of this crime and expressed remorse and regret for his poor judgement.  He stated that he was in his own neighborhood in DC and had followed a female into a building that he wanted to see.  When he entered the building he asked for the person and was told by the victim that she was not there.  The subject stated he knew she was there because he had seen her enter the building.  They began to argue and a pushing and shoving match ensued.  The subject became very angry, got a gun and shot the victim.

The subject expressed what seemed like sincere remorse for his involvement in the crime.  He has been in custody for 23 years and 3 months as of 11/29/2000.

The prisoner acknowledged being convicted in 1975 in a manslaughter case.  He stated that he stabbed another person who had made threatening moves towards him and a cousin of his who he was visiting in New York City.  The subject claims that the female cousin had had a relationship with the victim and that the victim had been abusive to her.  The subject stated that he acted impulsively and with violence.  He regrets that.

Subject stated that after serving over 23 years in prison that age and maturity has significantly changed his outlook on life.  He has dedicated his prison time to improving his life and his knowledge.  He believes that he will be a very different person when ultimately released.

## Final Salient Factor Score, Base and Total Point Scores and Rehearing Guidelines

SFS:  4

Base Point Score:  8

Category IV Points:        0 point for negative institutional behavior

Category V Points:        2 points for superior program achievement

(INI-S-A)

Total Point Score:  6

**Modifications From Prehearing:**  None.

**Institutional Factors**

**Discipline:**

This prisoner has kept clear conduct, he gets along well with staff and other prisoners and is well liked in the institution.  He has consistently received good work reports on every job assignment he has ever received.

**Program Achievement:**

There is in the file an impressive list of programs that this prisoner has accomplished.  The list begins in 1983 and goes through the year of 2000.  There are 31 accomplishments listed. These include numerous certificates for programs, letters of commodation and special awards. That packet of information is in Section III of the parole file and should be carefully reviewed before final decision is made in this case.

The prisoner does qualify for a 2 point reduction under superior program achievement rules.

**Release Plans:**

The subject plans to live at the home of his sister in Washington, DC when released.  He stated that while he has been serving time, his grandparents have died, his parents have died and he has lost other relatives.  He does still have family that care about him and he will live with his sister.  He can find employment.

**Representative and Representative's Statement:** None.

**Evaluation:**

This prisoner has a Point Score of 6 which would normally not allow parole.  There is no reason to go outside the guidelines.

The rehearing range is 18-24 months.  A rehearing at the top of the guidelines is recommended.  This examiner is not recommending a rehearing above the guidelines primarily because of the prisoner's prison accomplishments and his attitude.  Obviously, he has made some serious mistakes in the past.  However, his accomplishments in prison are significant and he at least deserves the opportunity to have some hope to eventually work his way out of prison by reducing his point score.

(INI-S-A)

**Recommendation:** Deny parole.

Continue for rehearing in September 2002, 24 months after parole eligibility of 9/7/2000. The guidelines say parole should not be granted so there is no departure and there is no departure from the rehearing range.

**Recommendation for Future Grant/Deny:** None.

**Addendum:**

None.

PAH
November 18, 2000

## D.C. ADULT INITIAL WORKSHEET

Name _Pui Fong, Reginald_                Number _00188+ 904_

CATEGORY I:   RISK OF RECIDIVISM                    (Salient Factor Score)

| | | |
|---|---|---|
| 10-08 | (Very Good Risk): | ÷0 |
| 07-06 | (Good Risk) | ÷1 |
| 05-04 | (Fair Risk) 4 | ÷2 (circled) |
| 03-00 | (Poor Risk) | ÷3 |

Enter Points From Category I:                                    $\boxed{2}$

CATEGORY II:  CURRENT OR PRIOR VIOLENCE          (Type of Risk)

Note:   Use the highest applicable subcategory. If no subcategory is applicable, score = 0.

A.    Violence in current offense, and any felony violence in two or more prior offenses:                                    +4

B.    Violence in current offense, and any felony violence in one prior offense:    (+3)

C.    Violence in current offense:                                    +2

D.    No violence in current offense and any felony violence in two or more prior offenses:                                    +2

E.    Possession of firearm in current offense if current offense is not scored as a crime of violence:                                    +2

F.    No violence in current offense and any felony violence in one prior offense:    +1

G.    None of the above:                                    +0

Enter Points from Category II:                                    $\boxed{3}$

CATEGORY III:      DEATH OF VICTIM OR HIGH LEVEL VIOLENCE    (Type of Risk)

Note:   Use the highest applicable subcategory. If no subcategory is applicable, score = 0.

A.    Current offense was high level or other violence with death of victim resulting:   (+3)

B.    Current offense involved attempted murder or violence in which death of the victim would have been the probable result:                                    +2

C.    Current offense was high level violence (other than homicide or attempted murder): +1

D.    None of the above:                                    +0

Enter Points from Category III:                                    $\boxed{3}$

BASE POINT SCORE (Total of Categories I - III):                $\boxed{8}$

DC Form - (IWI-W-A)
Revised 4/1/2000                        1

| Base Point Score (Categories I through III) | Months to Rehearing * |
|---|---|
| 0 - 4 | 12 - 18 |
| 5 | 18 - 24 |
| 6 | 18 - 24 |
| 7 | 18 - 24 |
| 8 | 18 - 24 |
| 9 | 22 - 28 |
| 10 | 26 - 32 |

\* The time to a rehearing is determined by the prisoner's base point score and not by the total point score at the time of the hearing.

## Definitions and Instructions for Application of Point Assignment Score.

1. "Salient Factor Score" means the salient factor score set forth at Section 2.20 of these rules.

2. A violent current offense will in all cases be scored in Category II. If the same offense involved "high level violence", points will also be added from Category III to increase the Base Point Score. "High level violence" in Category III means any of the following offenses —

    (i)     Murder;
    (ii)    Voluntary manslaughter;
    (iii)   Arson of an occupied (or potentially occupied) building;
    (iv)    Forcible rape or forcible sodomy (first degree sexual abuse);
    (v)     Kidnapping, hostage taking, or any armed abduction of a victim during a carjacking or other offense;
    (vi)    Burglary of a residence while armed if a victim was in the residence at the time of the offense;
    (vii)   Obstruction of justice through violence or threats of violence;
    (viii)  Any offense involving sexual abuse of a person less than 16 years of age;
    (ix)    Any felony resulting in mayhem, malicious disfigurement, or other "serious bodily injury" (See Definition No. 3).
    (x)     Any offense defined below as "other violence" in which the offender intentionally discharged a firearm;

3. "Serious bodily injury" means bodily injury that involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement, or protracted loss of impairment of the function of a bodily member, organ, or mental faculty.

3

## SALIENT FACTOR SCORE

**Item A.** Prior convictions/adjudications (adult or juvenile) . . . . . . . . . . . .  ☐ 2
None = 3; One = 2; Two or three = 1; Four or more = 0    /

**Item B.** Prior commitments of more than thirty days (adult or juvenile) . .  ☐ 1
None = 2; One or two = 1; Three or more = 0      /

**Item C.** Age at current offense/prior commitments . . . . . . . . . . . . . . . . .  ☐ 1

| | | | |
|---|---|---|---|
| <u>26 years or more</u> | +3 or less prior commitments | = 3 | $DoB = 12-5-55 = 2$ |
| | +4 prior commitments | = 2 | |
| | +5 or more commitments | = 1 | $Io = 8-29-77$ |
| <u>22-25 years</u> | +3 or less prior commitments | = 2 | |
| | +4 prior commitments | = 1 | |
| | +5 or more commitments | = 0 | |
| <u>20-21 years</u> | +3 or less prior commitments | = 1 | |
| | +4 prior commitments | = 0 | |
| <u>19 years or less</u> | +any number prior commitments | = 0 | |

**Item D.** Recent Commitment Free Period *(Three Years)* . . . . . . . . . . . . . .  ☐ 0

No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

**Item E.** Probation/Parole/Confinement/Escape Status Violator This Time  ☐ 0

Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

**Item F.** Older Offenders . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ☐ 0

If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

**TOTAL SCORE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ☐ 4

5

## D.C. Initial Prehearing Assessment

**Offense of Conviction :**   MURDER I WHILE ARMED; MURDER I WHILE ARMED; BURGARLY 2 WHILE ARMED

| | | | |
|---|---|---|---|
| DCDC Number.............: | 188-704 | PDID Number...............: | 290-977 |
| Name........................ : | PUIFORY Reginald | Parole Eligibility Date..... : | 09/07/2000 |
| Reg. No...................... : | 00188+704 | Months Served at | |
| Birthdate.................... : | 12/05/1955 | Eligibility................... : | 270 |
| Pre-Assessment Examiner: | Beale Dorothy A. | Short Term Date............: | |
| Institution.................. : | Central D.C. Facility | Full Term Date............. : | |
| Pre-Hearing Date.......... : | 10/26/2000 | Months from PE to STD...: | |
| Sentence Type.............. : | Adult | In-Operative Time.......... : | 0 |
| Jail Credit..................: | 0 | Fines/Restitution/ | |
| Sentence Length........... : | Life | Court Assessment......... : | $0 |

Detainer:  None

**Additional Text:**    At the time that subject committed the instant offense he was on parole supervision for a Manslaughter I.

---

**Current Offense and/or Previous Parole Action :**    On 8/29/77 at approximately 2:30 p.m. subject shot and killed a male who was inside 1105 Valley Avenue, S.E. Washington, D.C. The victim was transported from the scene by medical examiner ambulance at 4:30 p.m. The victim was pronounced dead by the Chief Medical Examiner.

At approximately 11:30 p.m. subject made arrangements to surrender at 13th and Varney Streets, S.E. Subject declined to make a statement to the police. However, information in the PSI indicates that subject stated that prior to killing he and the male victim had argued over a girl that subject had talked to. This resulted in some pushing and shoving until the victim pulled out a handgun. Subject stated that he went home and retrieved a shotgun which he brought back wrapped in a towel.   Subject claimed that the gun discharged accidentally.

Subsequent Offense(s):

**Codefendants:** None

## SALIENT FACTOR SCORE   (SFS-98)

| Date | Offense | Disposition of 1  most significant prior convictions: |
|---|---|---|
| 04/06/1975 | Manslaughter I | Sentenced to 3 years.  Paroled in 11/76. |

SFS Item A =  2      Subject has 1 prior convictions/adjudication.

SFS Item B =  1      Subject has  1  commitments of more than 30 days that were imposed prior to the last
                     overt act of the current offense.

SFS Item C =  1      Subject was  21  years old at the commencement of the current offense and had  1
                     prior commitments.

SFS Item D =  0      08/29/1977 - Commencement of present offense.
                     11/01/1976 - Release to the community from last commitment.

SFS Item E =  0      Subject is a parole status violator.

SFS Item F =  0      Sum of Items A-E = 4  and the offender was 21 years old at the commencement of
                     the current offense.

Salient Factor Score  =  4

---

**D.C. Code Point Assignments**

Category I Points:           2      SFS is 4 .   { SFS... 10-8 = 0; 7-6 = 1; 5-4 = 2; 3-0 = 3}

Category II Points:          3      Subject committed acts of violence in the curent offense and felony
                                    violence in one prior offense.

Category III Points:         3      Current offense involved high level of violence or resulted in death of
                                    victim.

**Base Point Score =**       8      Sum of Categories I, II and III

Category IV Points:          0      No negative behavior
(Negative Inst. Beh.)

Category V Points:          -2      Associate Degree in Applied Science of Bus. Technology 5/13/200;
(Program Achiev.)                   Certificate, Communication & Conflict Resolution Program (Level I)
                                    4/21/2000; Certificate Communication & Conflict Resolution Cert.
                                    6/16/2000 (Level II); Cert. for Workshops for Training in Nonviolence,
                                    Alternative to Violence Project, In. dated 10/30/99; Cert. for Workshops
                                    for Training in Nonviolence Alternative to Violence Project, Inc. dated
                                    10/3/99; Cert. for Workshop for Training in Nonviolence , Alternative to
                                    Violence Project, In.c. dated 6/20/99; Two UDC Certs. of Recognition in
                                    1998; Cert. for diligently performed duties for the Academic and
                                    Vocatinal Schools during 1998 School Yr.; Black History Cert dated
                                    3/31/96; Cert. for Special Recognition for completion of a 3-hour session
                                    in alternative tutoring methods;  Two UDC Cert. for Academic Yr. 1995-
                                    96; Cert. for Volunteer Tutor Workshop dated 12/2/95; Cert. of Award
                                    for UDC Pre-College Tutorial Program dated 8/4/95;  UDC Cert. of
                                    Recognition for academic yr. 1993-94; Cert. for 1993 Most Outstanding

Resident 55 Squad; UDC Cert. for UDC Pre-college Program Assistance for 1993 dated 8/10/93; Cert. for Business Typing dated 9/16/88; Cert. of Award for Lorton Photography Workshop dated 3/6/88; Cert. of Achievement for Basic Graphic Arts dated 8/14/87; Georgetown Univ. Law Center Cert. for successful completion of the prescribed coursr in Street Law dated 4/26/86; GED Cert. dated 12/18/85; Cert. of Appreciation dated 7/28/84;  Cert. for Office of Industrial Service for his valuable contribution to the operation and success during fiscal year 1983 of the Furniture Repair; Cert. for Special Olympics Program dated 8/1/83; and Cert. of Attendance for Tract and Field Coaches dated 8/10/83.  Additionally, he have received the following letters of recognition:  Dept. of Corrections, Higher Education Services, Progress Report; from UDC Director, Perspective Graduate receiving AAS Degree in Bus. Technology;  from UDC Administrative Coordinator/Counselor, Letter of Appreciation from CCRP; and NFL Alumni, Wash. Redskins Chapter (National Football League Alumni); Subject have also received two Plaques, Industries Division (Most Outstanding Worker and from Industrieal Services (Furniture Repair).

**Total Point Score =**       6       Sum of Categories I, II, III and IV less points for Category V

**Risk:** Subject is a more serious risk than your point score of 6 because of your unusual propensity to commit murder.  You were on supervision for a Manslaughter I conviction when you committed the instant offense which involved the taking of another person's life approximately nine (9) months after being released from prison.

Grant/Deny Guideline:       Deny Parole and schedule for rehearing in accordance with rehearing guidelines

Rehearing Guidelines (range in months):       18-24

Projected Additional Months to Serve:       72-96
(based on  4  rehearings at  18 - 24  monthly intervals)

**Prehearing Evaluation and Summary:**

Subject has served 272 months or 22 yrs. 8 months as of 11/10 towards his current sentence.  His overall adjustment to incarceration has been good in that he have maintained clear conduct; maintained a regular job assignment; and have completed numerous educational/vocational programs which should enhance his ability to obtain legitimate employment upon his release to the community.

However, the primary issue in this case is whether he has satisfied accountability given the fact that the instant offense represents his second conviction of murder.  As indicated previously subject had been in the community for approximately 9 months when he committed this offense.  Subject is a more serious risk based upon his propensity to commit murder.

He has a base point score of 8 and he has a total point score of 6. This examiner believes subject should received 2 points for superior program achievement. However, DC guidelines indicates that parole should be denied at this hearing and that he be scheduled for a rehearing within 18-24 months.

高

U.S. Department of Justice
United States Parole Commission

Notice of Hearing-Parole Application Waiver
Report of Refusal to Apply Waive or Appe

Name: _Raiford Reginald_          Date: _May 30, 2000_

DCDC No.: _188-704_          Institution: _Central Faci_

**INSTRUCTIONS:** This form should be given to and completed by the inmate six months before his parole eligibili date. If the inmate wants to waive the parole hearing, he should complete the waiver section of this form. If the inmate refuses to appear for a hearing, the report of the refusal should be made on this form by institutional staf This form does not have to be completed for hearings subsequent to the initial hearing, unless the inmate ha previously waived parole consideration or a parole date. Please make a copy of this form for the institution file, provide the inmate with a copy, and forward the original to the U.S. Parole Commission whe submitting docket materials.

**NOTICE OF HEARING:** The U.S. Parole Commission usually schedules an inmate's initial hearing for the dock held two months before his parole eligibility date. Provided you have applied for parole in the space below, and th U.S. Parole Commission has received the documents needed to review your case, you will be given a hearing by hearing examiner of the U.S. Parole Commission on the docket of hearings scheduled for the following:

_10/2/2000_
(month/year)

**PAROLE APPLICATION:** I want to be considered for parole, or have applied before and still want to be paroled

_Hammad Abdul-Walid_          _9/14/00_
Signature          Date

**WAIVER OF PAROLE/PAROLE HEARING:**

A._____    I want to waive parole consideration at this time, including any scheduled hearing.
(Initials)    I understand that if I waive or refuse to appear at a scheduled rehearing at which misconduct is t
              be considered, I am waiving any parole date I may have been granted.

B._____    I want to waive the previously granted parole date.
(Initials)    NOTE: A previously waived parole date may be reinstated upon reapplication, provided no ne
              adverse information exists in your case.

NOTE: If you waive parole consideration and then apply/reapply for a hearing, the date of your hearing wi
normally be scheduled within 60 days of the Commission's receipt of the application/reapplication.

**REPORT OF REFUSAL TO APPLY/WAIVE OR APPEAR:**

The above named inmate has refused to complete the application/waiver form or appear for a scheduled parc
hearing. *(Please provide a brief explanation of circumstances in the space below.)*

_____          _____
Signature of Staff Member          Date

DCDC Modified PAROLE FORM

# EXHIBIT 2

Puifory v. Reilly
Docket No. 1:07-cv-1007 (RCL)

U.S. Department of Justice                       **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

| Name: PUIFORY, Reginald | Institution: | Lewisburg USP |
|---|---|---|
| Register Number: 10597-007 | | |
| DCDC No: 188-704 | Date: | August 9, 2007 |

---

As a result of the hearing conducted on July 24, 2007, the following action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in July 2010.

**REASONS**:

Your Current Total Guideline Range is 324-344 month(s). See the attached sheet for the components that make up your Current Total Guideline Range. These components are your Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 359 months as of July 29, 2007.

After consideration of all factors and information presented, a decision above the Current Total Guideline Range is warranted because you are a more serious risk than indicated by your guidelines because you had paroled from a previous sentence for Manslaughter only 9 months prior to committing the current murder offense. Your involvement in two homicides makes you a more serious risk than indicated by your base point score and the Commission does not believe that a release date within three years of the current hearing is appropriate.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:      CSS Data Management Group
         D.C. Court Services & Offender Supervision Agency
         300 Indiana Avenue, N.W., Suite 2070
         Washington, D.C. 20001

---

## DISCIPLINARY GUIDELINES

You have 1 non-drug related infraction(s) [0-2 months each], which requires 0-2 months to be added to your base point score guideline range.

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

**Not Applicable**

## CURRENT TOTAL GUIDELINE RANGE

|  |  |
|---|---|
| **8 —— Base Point Score** |  |
| **72——96** | Base Point Score Guideline Range |
| **276 - 276** | Months Required to Serve to Parole Eligibility Date |
| **0—— 0** | Disciplinary Guideline Range (before last hearing) |
| **less  24——30** | Superior Program Achievement Award (before last hearing) |
| 324 - 342 | Previous Guideline Range Conversion |
| **0—— 2** | Disciplinary Guideline Range |
| **less  0——- 0** | Superior Program Achievement Award (if applicable) |
| **324 - 344** | **Current Total Guideline Range** |

| Base Point Score Guideline Range | |
|---|---|
| Score | Guideline Range |
| 3 or less | 0 months |
| 4 | 12-18 months |
| 5 | 18-24 months |
| 6 | 36-48 months |
| 7 | 54-72 months |
| 8 | 72-96 months |
| 9 | 110-140 months |
| 10 | 156-172 months |

Reilly

Name: _Pufory, Reginald_

Reg. No: _10597-007_                    Date: _7-27-07_

DCDC No: _188-704_

---

Number of Orders Attached: _1_

☐ Requires 1 Commissioner Signature                Due Date: _8-14-07_

☒ Requires 2 Commissioner Signatures

---

### Comments by Commissioner

_Commissioner's Signature_                                      **Date**

---

### Comments by Commissioner

_Commissioner's Signature_                                      **Date**

# U.S. DEPARTMENT OF JUSTICE
## United States Parole C PUIFORY, REGINALD

### D.C. ORDER
### INITIAL HEARING/RECONSIDE 10597-007    PR017253
### POST JANUARY 2 DC RECONSID    LEWLEW

Week Beginning 7/23/2007

Name:_____    Institution: _____

Reg.No: _____

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Parole effective __11/30/07__ OR Continue to a presumptive parole_____ after the service of __363__ months (with the special condition for): ✓ Drug Aftercare ____ Alcohol Aftercare    (Other - specify) _anger management_ .

Continue to expiration (with the special condition for): ____Drug Aftercare ____Alcohol Aftercare (Other - specify)_____ .

Continue for a reconsideration hearing in _____ after service of ____ months from your hearing date of _____ .

*Jayh MVashell 7/24/07*
*K.A. Tinner 8/7/07*

_____

_____

*Continue for a reconsideration hearing 8-2010 after the Service of 36 Months from your hearing date of 7-07*

NOA 9/06 contains language for reason of above GL's

*Cranith Whitalee 8-8-07*
*Sue Wern 8/9/07*

_____

District of Release: ____DC __ __MD ____ VAE ____Other (specify)_____
Revised: May 1, 2001

# HEARING SUMMARY

**Name: Puifory, Reginald**                                          **Reg No: 10597-007**

## Hearing Parameters

Hearing Format ..............................: **In Person**

Hearing Type ................................: **Reconsideration**

Hearing Date ................................: July 24, 2007

Examiner.....................................: Joseph M. Pacholski

Institution ...................................: Lewisburg USP

## Sentence Parameters

Sentence Type..............................: **DC Parole Eligible**

MR/Statutory Release ..................: Life

Full Term Date.............................: Life

Months in Custody.......................: 359 as of 7/29/2007

Fines/Restitution/Assessment .......: None noted

Detainer......................................: None

**Additional text regarding the above parameters:** None

## Prior Action & Institutional Factors

**Prior Action:** See Pre-review completed by Paul Howard dated July 9, 2007.

**Codefendants:** None noted.

**Representative & Representative's Statement:** The subject was represented by Don Contri; he is the Challenge Coordinator in the Psychology Department at USP Lewisburg. The subject also had his father appear who is Amos Puifory he resides in Brooklyn, NY.

**Prisoner's Statement:** The subject stated that he has corrective action while being in prison. The subject indicated that he has in fact tried to remove himself from harms way and he continues to work on his studies. The subject has completed the Challenge Program and the MRT Program which is a Counseling Group within the prison. The subject has also completed the Commercial Housekeeping Vocational Training Program.

## Disciplinary Infractions

**No. 1 - BOP Incident Report No.** 1314184
    **Description of Behavior:** Fighting.

**Prisoner's Response:** Admits. The subject stated he was defending himself against his cellmate who was causing trouble and bumped into him twice. The subject stated that the incident escalated and he was trying to protect himself however he did throw punches back.

**Findings of Fact:** This examiner finds that the subject violated the rules of the institution as indicated in the above violation.

**Basis:** Your admission to the examiner at the hearing and DHO finding on 3/9/2005.

**Rescission Guideline: 0-2 months.**

**Program Achievement:** This examiner would note that the subject is working as a Tutor in the Education Department and receiving excellent work evaluations. The subject completed the Challenge Program in January of 2006 and has completed the Commercial Housekeeping Vocational Training Program. It is also noted that the subject completed the MRT Program as stated previously.

**Release Plans:** The subject plans to release Mary Crisp in Woodbridge, VA. Upon release the subject plans to work in a cleaning agency or in some kind of general laborer type field.

## Guideline Parameters, Evaluation & Recommendation

**Salient Factor Score:** 4
**Base Point Score:** 8

Base Point Score Guideline Range: ................................72-96
Months to Parole Eligibility Date: ..............................276-276
Disciplinary Guidelines BEFORE Last Hearing: ...............0-0
Converted Guideline Range: ...................................................-
Superior Program Achievement BEFORE Last Hearing:24-34
Converted Guideline Range: ...................................................-
Guidelines in Effect: ...................................................324-342
Disciplinary Guideline SINCE Last Hearing:....................0-0
Superior Program Achievement SINCE Last Hearing: ......0-0
Total Guideline Range: ..............................................324-344

**Evaluation:** This examiner would note that the subject has served above his guideline range. This examiner believes that a decision at the top of the guideline range or a little above is appropriate for release planning. The subject has continued to program well and has excellent family support. This examiner believes that the subject should have a Drug Aftercare and Anger Management Condition to follow. This examiner also believes that a decision at 363 months which would be a parole effective date of 11/30/ 2007 is appropriate. It will hold the subject accountable for his actions. This examiner would point out that the subject continues to program and has completed the Challenge Program. If the subject wasn't above his guidelines by so much he would most likely be getting a Superior Program Achievement Award for that achievement. The subject also works as a Mentor in that Program. The testimony provided by Mr. Contri and his father indicates that he is an extraordinary individual in regards to comparison when he came in. The subject is matured over the last 359 months.

**Recommendation:** Parole effective 11/30/2007, after the service of 362 months.

**Conditions:** Anger Management and Drug Aftercare.

**Statutory Interim Hearing:** None

**Guideline Use:** A decision above the guidelines is warranted in your case in order for an adequate release plan to be implemented.

**Additional Text:** None.

[Signature]


JMP/PAH
August 1, 2007


**Executive Reviewer's Comments:**

## 2.80 Guideline Worksheet

Name: _Puloay, Reginald_     Reg. No. _10590-007_

Institution: _USP Lewisburg_     Hearing Date: _7/24/07_

Hearing Type: _3 year Recon._

### Base Point Score

**Note: If an item *does not apply*, please leave that item blank.**

| | | |
|---|---|---|
| 1. | Base Point Score Guideline Range | _72 - 96_ |
| 2. | Months to Parole Eligibility | _276 - 276_ |
| 3. | Disciplinary Guidelines *(prior to last hearing)* | _0 - 0_ |
| 4. | Superior Program Achievement *(prior to last hearing)* | _24 - 30_ |
| 5. | Prior Guideline Range Conversion *(Lines 1 + 2 + 3 minus Line 4)* | _324 - 342_ |
| 6. | Disciplinary Guidelines *(since last hearing)* *(Complete Worksheet on Page 3)* | _0 - 2_ |
| 7. | Superior Program Achievement *(since last hearing)* *(Complete Worksheet on Page 3)* | _____ - _____ |
| 8. | Total Guideline Range *(Lines 5 + 6 minus Line 7)* | _324 - 344_ |

**Disciplinary Infractions.** If the prisoner had 1 additional point added to the point score for disciplinary infractions, use (a) 1 x the applicable rehearing range; or (b) the guideline range from Section 2.36, whichever is less. If the prisoner had 2 additional points added to the point score for disciplinary infractions, use (a) 2 x the applicable rehearing range, or (b) the guideline range from Section 2.36, whichever is less. **Superior Program Achievement.** If the prisoner received a 2 point reduction for SPA (not ordinary program achievement), subtract 1 x the applicable rehearing range.

| Base Point Score | Base Point Score Guideline Range |
|---|---|
| 3 or less | 0-0 months |
| 4 | 12-18 months |
| 5 | 18-24 months |
| 6 | 36-48 months |
| 7 | 54-72 months |
| 8 | 72-96 months |
| 9 | 110-140 months |
| 10 | 156-192 months |

| Base Point Score | Rehearing Range |
|---|---|
| 0-4 | 12-18 months |
| 5-8 | 18-24 months |
| 9 | 22-28 months |
| 10 | 26-32 months |

# Guideline Worksheet

Name: _Vijay Reynold_      Reg. No. _F0597-005_

You have been in confinement as a result of your current offense and/or violation behavior for a total of
___359___ months as of _____7/29/07_____ to be credited toward the
guideline range that applies to your term(s).

After review of all relevant factors and information presented, *(check one of the following:)*

_____ a decision outside the Total Guideline Range at this consideration is not found warranted.

___✓___ a decision above the Total Guideline Range is warranted because *(dictate in summary)*

_____ a decision below the Total Guideline Range is warranted because *(dictate in summary)*

f a reconsideration hearing is recommended, complete the following:

'ou have been scheduled for a reconsideration hearing in _____ after the service

f _____ months from your current hearing date.

**xecutive Hearing Examiner's Note to Data Technician:**

[ ]    Copy reasons from addendum *(instead of hearing summary).*

:aring Examiner _____ Date: _7/24/07_

:ecutive Hearing Examiner _____ Date: _8/7/07_

# 2.80 Guideline Worksheet
# Institutional Behavior

Name: _PulPong, Reynold_     Reg. No. _10597-007_

## Disciplinary Guidelines
**Note: Include only behavior that has occurred *since the last hearing* or
has not previously been considered by the Commission**

1. You have __1__ **non-drug** related infraction(s) *[0-2 months each]*, which require(s) __0__ - __2__ months to be added to your base point score guideline range.

2. You have __0__ **drug** related infraction(s) *[0-8 months each]*, which require(s) _____ - _____ months to be added to your base point score guideline range.

3a. You have committed behavior that constitutes new criminal conduct in a prison facility or community corrections center which is rated as Category _____ severity because it involved _____

_____

_____

This requires _____ - _____ months to be added to your base point score guideline range. *(If additional criminal conduct in a prison facility, use Page 4.)*

4. You escaped or attempted to escape from **non-secure custody with voluntary return in 6 days or less** on _____ occasion(s) *[0-6 months each]*, which requires _____ - _____ months to be added to your base point score guideline range.

5. You escaped or attempted to escape from **secure custody/non-secure custody without prompt voluntary return** on _____ occasion(s) *[8-16 months each]*, which requires _____ - _____ months to be added to your base point score guideline range.

6. You have committed behavior that constitutes new criminal conduct **[that extends into the community]** **[in the community while on]** **[pass from a community corrections center]** **[furlough]** **[work release]** **[escape]** which is rated as Category _____ severity because it involved _____

_____

_____

Your new salient factor score (SFS-98) is _____. Commission guidelines which consider the above factors require _____ - _____ months to be added to your base point score guideline range.

7. You have an aggregate disciplinary guideline range of _____ - _____ months, which is to be added to your base point score guideline range. *(Use this only if two or more of the above paragraphs apply.)*

## Superior Program Achievement Award
**Note: Include only Program Achievement *since the last hearing***

You have been granted a reduction of _____ months from your Total Guideline Range for superior program achievement. This was granted because: *(dictate the reasons for granting SPA in the Addendum Section at the end of the hearing summary using appropriate wording to appear on the Notice of Action).*

## 2.80 Guideline Worksheet
## Institutional Behavior (continued)
(Use this page only if additional criminal conduct in a prison facility is not captured on Page 3)

Name:_____    Reg. No._____

### New Criminal Conduct

Note: Include only behavior that has occurred *since the last hearing* or
has not previously been considered by the Commission

b. In addition, you have committed behavior that constitutes new criminal conduct in a prison facility or in a
community corrections center which is rated as Category _____ severity because it involved _____

indicating a guideline range of _____-_____ months to be added to your Original    [guideline range]
[presumptive]    [effective] parole date (_____).

c. In addition, you have committed behavior that constitutes new criminal conduct in a prison facility or in a
community corrections center which is rated as Category _____ severity because it involved _____

indicating a guideline range of _____-_____ months to be added to your Original    [guideline range]
[presumptive]    [effective] parole date (_____).

d. In addition, you have committed behavior that constitutes new criminal conduct in a prison facility or in a
community corrections center which is rated as Category _____ severity because it involved _____

indicating a guideline range of _____-_____ months to be added to your Original    [guideline range]
[presumptive]    [effective] parole date (_____).

e. In addition, you have committed behavior that constitutes new criminal conduct in a prison facility or in a
community corrections center which is rated as Category _____ severity because it involved _____

indicating a guideline range of _____-_____ months to be added to your Original    [guideline range]
[presumptive]    [effective] parole date (_____).

# 2.80 Guideline Worksheet
## Base Point Score

Name: _Vijay Reinold_                    Reg. No. _10597-007_

Category I - Risk of Recidivism (Salient Factor Score) . . . . . . . . . . . . . . . . . . . . . .  |2|

| SFS | Risk Category | Points |
|-----|---------------|--------|
| 10-8 | Very Good Risk | +0 |
| 7-6 | Good Risk | +1 |
| 5-4 | Fair Risk | +2 |
| 3-0 | Poor Risk | +3 |

Category II - Current or Prior Violence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  |3|

*Note: Use the highest applicable subcategory.*

| | |
|---|---|
| Violence in current offense and any felony violence in two or more prior offenses | +4 |
| Violence in current offense and any felony violence in one prior offense | +3 |
| Violence in current offense | +2 |
| No violence in current offense and any felony violence in two or more prior offenses | +2 |
| Possession of firearm in current offense if current offense is not scored as a crime of violence | +2 |
| No violence in current offense and any felony violence in one prior offense | +1 |
| None of the above | +0 |

Category III - Death a Victim or High Level Violence (Type of Risk) . . . . . . . . . . .  |3|

*Note: Use the highest applicable subcategory.*

| | |
|---|---|
| Current offense involved violence (high level or other violence) with death of victim resulting | +3 |
| Current offense involved attempted murder, murder conspiracy/solicitation, or violence in which death of the victim would have been the probable result | +2 |
| Current offense was high level violence (other than behaviors described above) | +1 |
| None of the above | +0 |

Base Point Score (Total of Categories I through III) . . . . . . . . . . . . . . . . . . . . . .  |8|

Revised 5/6/02

# 2.80 Guideline Worksheet
## Salient Factor Score
## (SFS-98)

Name: _Pujorny, Reginald_    Reg. No. _10597-007_

**Item**

**A**    **Prior Convictions/Adjudications (Adult or Juvenile)** ...... ........    | 2 |

None = 3;  One = 2;  Two or Three = 1;  Four or More = 0

**B**    **Prior Commitment(s) of More Than 30 Days (Adult or Juvenile)** .......    | 1 |

None = 2;  One or Two = 1;  Three or More = 0

**C**    **Age at Current Offense/Prior Commitments** ............. ...........    | 1 |

| 26 years or more | Three or fewer prior commitments | = 3 |
| | Four prior commitments | = 2 |
| | Five or more commitments | = 1 |
| 22 - 25 years | Three or fewer prior commitments | = 2 |
| | Four prior commitments | = 1 |
| | Five or more prior commitments | = 0 |
| 20 - 21 years | Three or fewer prior commitments | = 1 |
| | Four prior commitments | = 0 |
| 19 years or less | Any number of prior commitments | = 0 |

**D**    **Recent Commitment Free Period (Three Years)** .......... ..........    | 0 |
No prior commitment of more than 30 days (adult or juvenile) or released to the
community from last such commitment at least 3 years
prior to the commencement of the current offense = 1; Otherwise  = 0.

**E**    **Probation/Parole/Confinement/Escape Status Violator This Time** .....    | 0 |
Neither on probation, parole, confinement or escape status at the
time of the current offense; nor committed as a probation, parole,
confinement, or escape status violator this time =1; Otherwise =0 .

**F**    **Older Offenders** ................................. .............    | 0 |
If the offender was 41 years of age or more at the commencement
of the current offense (and the total score from Items A-E above is
9 or less) = 1; Otherwise = 0.

**TOTAL SCORE** ................................................    | 4 |

## Reconsideration Hearing ( converted to 2.80 GL )
## Prehearing Assessment

Name............: **PUIFORY REGINALD**
Reg Number...: **10597-007**
Birth Date.......: **12/05/1955**
PDID Number.: **290-977**

## Prehearing Assessment Parameters
Date..........…...........: 07/09/2007
Reviewer.....................: Howard Paul R.A.
Institution...................: Lewisburg USP

## Sentence Parameters
Sentence Length.............: Life
Adult / Youth................: Adult
Sentence Date Begun......: 03/10/1978
Jail Credit (days)............: 192
In-Operative Time (days)..: 0
Months in Custody .........: 359 as of 07/29/2007
Parole Eligibility Date......: 08/29/2000
Months at Eligibility.......: 276
MR Date.....................: Life
Months at MR..............: 0
Full Term Date..............: Life
Fines/Restitution............: $0

## Additional Text:

## Previous Commission Action:

The subject was convicted of Felony Murder I While Armed, Murder I While Armed, and Burglary II While Armed, and received sentences of 20 years to life for the murder sentences, to run concurrently, and 5-15 years for the Burglary conviction, to run consecutively. The subject and his victim had an argument over a woman. After their argument, the subject returned home with a shotgun wrapped in a towel, which he used to shoot and kill the victim.

The USPC issued a Notice of Action on 12/26/2000, deny parole, and continue for rehearing on 9/02, after the service of 24 months from PED of 9/7/00. Base Point Score = 8, Total Point Score =6. A departure from the GL's was not warranted.

The Commission conducted a rehearing on 9/9/02, and via notice of action dated 9/25/02, denied parole with a rehearing in 9/04 after the service of an additional 24 months. The subject had a total point score of 6.

The Commission conducted a rehearing on 8/30/04, using the presumptive parole guidelines, and via notice of action dated, 9/28/04, denied parole, with a rehearing in 9/06 after the service of an additional 24 months. The subject had a SFS of 4, BPS of 8, and guidelines of 324 to 342 months. The guidelines included a 24 to 30 month reduction for superior program achievement. The subject had been in custody for 324 months as of 8/30/04.

By NOA dated 9/18/06, the Commission amended the 9/28/04 NOA, continuing the subject to a rehearing in 8/07 after the service of an additional 36 months from the 8/30/04 hearing date. All other information contained in the previous NOA remained unchanged.

**Institutional Adjustment and Release Plans:**

According to the progress report dated 5/4/07, the subject is currently assigned to the education department.

He is currently enrolled in the GED Program.

He has completed the following educational/vocational programs since his last hearing:

Business Law/Newport College on 9/8/04, Professional Development/Newport College on 9/8/04, and Commercial Housekeeping on 1/12/06.

The subject is still actively involved in the Challenge Program.

**Verification:**

| SFS | Old | New | |
|---|---|---|---|
| Item A = | 2 | 2 | Subject has 1 prior convictions/adjudication. |
| Item B = | 1 | 1 | Subject has 1 prior commitment of more than 30 days that were imposed prior to the last overt act of the current offense. |
| Item C = | 1 | 1 | Subject was 49 years old at the commencement of the current offense and had 1 prior commitment. |
| Item D = | 0 | 0 | 08/29/1977- Date of Current Offense.<br>11/01/1976 - Release to the Community from last commitment |
| Item E = | 0 | 0 | Subject is a parole status violator. |
| Item F = | 0 | 0 | Sum of Items A-E = 4 and the offender was 49 years old at the commencement of the current offense. |
| SFS = | 4 | 4 | |

**The Recalculated SFS Is Equal to the Prior SFS**

| Base Point Score | Old | New | |
|---|---|---|---|
| Category I Points: | 2 | 2 | Prior SFS = 4 ,   New SFS = 4 |
| Category II Points: | 3 | 3 | Subject committed acts of violence in the current offense and felony violence in ONE prior offense. |
| Category III Points: | 3 | 3 | Current offense involved high level of violence or resulted in death of victim. |
| **Base Point Score =** | **8** | **8** | Sum of Categories I, II and III |

**The Recalculated Base Point Score Is Equal to the Prior Base Score**

**New Disciplinary Behavior:**
New Disciplinary Behavior Number:     1
    Offense:......................... Administrative - Non Drug
    Date of Offense:............. 02/21/2005
    Description:..................... Fighting With Another Person. The subject and another inmate got into a fight un the stairwell. The incident was caught on tape and the other inmate admitted to beating up the subject.
    Rescission GL:............... 0 - 2  (months)

    Incident Report Number: 1314184
    Date of DHO Hearing...: 03/09/2005
    DHO Finding................: Guilty
    Sanctions......................: 30 days DS, 30 days FF SGT, and 180 days loss of phone and commissary privileges.

**Total Rescission Guidelines:**  0 - 2 (months)

### Total Guidelines Range in months:

| | | |
|---|---|---|
| Months to Serve to PE Date........... | 276   - | 276 |
| Base Guidelines Range................ | 72   - | 96 |
| Total Prior Discipline.................. | 0   - | 0 |
| Total Prior SPA  ....................... | 24   - | 30 |
| Disciplinary GL Since Last Hearing | 0   - | 2 |
| **Total Guideline Range..............** | **324   -** | **344** |

**Remaining Issues:**
None

**Evaluation:**

The subject has been in custody for 359 months as of 07/29/2007. He incurred one DHO infraction since his last hearing for fighting.

## Reconsideration Hearing ( converted to 2.80 GL )
## Prehearing Assessment

Name...........: **PUIFORY REGINALD**

Reg Number...: **10597-007**

Birth Date......: **12/05/1955**

PDID Number.: **290-977**

### Prehearing Assessment Parameters

Date........….................: 07/09/2007

Reviewer.….................: Howard Paul R.A.

Institution...................: Lewisburg USP

### Sentence Parameters

Sentence Length...........: Life

Adult / Youth................: Adult

Sentence Date Begun......: 03/10/1978

Jail Credit (days)...........: 192

In-Operative Time (days)..: 0

Months in Custody .........: 359 as of 07/29/2007

Parole Eligibility Date......: 08/29/2000

Months at Eligibility.......: 276

MR Date.....................: Life

Months at MR...............: 0

Full Term Date..............: Life

Fines/Restitution............: $0

### Additional Text:

### Previous Commission Action:

The subject was convicted of Felony Murder I While Armed, Murder I While Armed, and Burglary II While Armed, and received sentences of 20 years to life for the murder sentences, to run concurrently, and 5-15 years for the Burglary conviction, to run consecutively. The subject and his victim had an argument over a woman. After their argument, the subject returned home with a shotgun wrapped in a towel, which he used to shoot and kill the victim.

The USPC issued a Notice of Action on 12/26/2000, deny parole, and continue for rehearing on 9/02, after the service of 24 months from PED of 9/7/00. Base Point Score = 8, Total Point Score =6. A departure from the GL's was not warranted.

The Commission conducted a rehearing on 9/9/02, and via notice of action dated 9/25/02, denied parole with a rehearing in 9/04 after the service of an additional 24 months. The subject had a total point score of 6.

The Commission conducted a rehearing on 8/30/04, using the presumptive parole guidelines, and via notice of action dated, 9/28/04, denied parole, with a rehearing in 9/06 after the service of an additional 24 months. The subject had a SFS of 4, BPS of 8, and guidelines of 324 to 342 months. The guidelines included a 24 to 30 month reduction for superior program achievement. The subject had been in custody for 324 months as of 8/30/04.

By NOA dated 9/18/06, the Commission amended the 9/28/04 NOA, continuing the subject to a rehearing in 8/07 after the service of an additional 36 months from the 8/30/04 hearing date. All other information contained in the previous NOA remained unchanged.

**Institutional Adjustment and Release Plans:**

According to the progress report dated 5/4/07, the subject is currently assigned to the education department.

He is currently enrolled in the GED Program.

He has completed the following educational/vocational programs since his last hearing:

Business Law/Newport College on 9/8/04, Professional Development/Newport College on 9/8/04, and Commercial Housekeeping on 1/12/06.

The subject is still actively involved in the Challenge Program.

**Verification:**

| SFS | Old | New | |
|---|---|---|---|
| Item A = | 2 | 2 | Subject has 1 prior convictions/adjudication. |
| Item B = | 1 | 1 | Subject has 1 prior commitment of more than 30 days that were imposed prior to the last overt act of the current offense. |
| Item C = | 1 | 1 | Subject was 49 years old at the commencement of the current offense and had 1 prior commitment. |
| Item D = | 0 | 0 | 08/29/1977- Date of Current Offense.<br>11/01/1976 - Release to the Community from last commitment |
| Item E = | 0 | 0 | Subject is a parole status violator. |
| Item F = | 0 | 0 | Sum of Items A-E = 4 and the offender was 49 years old at the commencement of the current offense. |
| SFS = | 4 | 4 | |

**The Recalculated SFS Is Equal to the Prior SFS**

| Base Point Score | Old | New | |
|---|---|---|---|
| Category I Points: | 2 | 2 | Prior SFS = 4 ,   New SFS = 4 |
| Category II Points: | 3 | 3 | Subject committed acts of violence in the current offense and felony violence in ONE prior offense. |
| Category III Points: | 3 | 3 | Current offense involved high level of violence or resulted in death of victim. |
| **Base Point Score =** | **8** | **8** | Sum of Categories I, II and III |

**The Recalculated Base Point Score Is Equal to the Prior Base Score**

**New Disciplinary Behavior:**
New Disciplinary Behavior Number:    1
    Offense:.......................... Administrative - Non Drug
    Date of Offense:............. 02/21/2005
    Description:.................... Fighting With Another Person. The subject and another inmate got into a fight un the stairwell. The incident was caught on tape and the other inmate admitted to beating up the subject.
    Rescission GL:................ 0 - 2  (months)

    Incident Report Number: 1314184
    Date of DHO Hearing...: 03/09/2005
    DHO Finding................: Guilty
    Sanctions......................: 30 days DS, 30 days FF SGT, and 180 days loss of phone and commissary privileges.

**Total Rescission Guidelines:**  0 - 2 (months)

           **Total Guidelines Range in months:**

| | | | |
|---|---|---|---|
| Months to Serve to PE Date........... | 276 | - | 276 |
| Base Guidelines Range................ | 72 | - | 96 |
| Total Prior Discipline................. | 0 | - | 0 |
| Total Prior SPA  ....................... | 24 | - | 30 |
| Disciplinary GL Since Last Hearing | 0 | - | 2 |
| **Total Guideline Range...............** | **324** | **-** | **344** |

**Remaining Issues:**
None

**Evaluation:**

The subject has been in custody for 359 months as of 07/29/2007. He incurred one DHO infraction since his last hearing for fighting.

## 30 Guideline Worksheet

Name: _Puijay Reynold_      Reg. No. _F0557-005_

You have been in confinement as a result of your current offense and/or violation behavior for a total of _359_ months as of _7/29/07_ to be credited toward the guideline range that applies to your term(s).

    After review of all relevant factors and information presented, *(check one of the following:)*

    _____ a decision outside the Total Guideline Range at this consideration is not found warranted.

    _____ a decision **above** the Total Guideline Range is warranted because *(dictate in summary)*

    _____ a decision **below** the Total Guideline Range is warranted because *(dictate in summary)*

**If a reconsideration hearing is recommended, complete the following:**

You have been scheduled for a reconsideration hearing in _____ after the service of _____ months from your current hearing date.

**Executive Hearing Examiner's Note to Data Technician:**

☐   Copy reasons from addendum *(instead of hearing summary).*

Hearing Examiner    _____    Date: _____

Executive Hearing Examiner _____    Date: _____

## 2.60 Guideline Worksheet

## Institutional Behavior (continued)

**(Use this page only if additional criminal conduct in a prison facility is not captured on Page 3)**

Name: _____    Reg. No. _____

## New Criminal Conduct

**Note: Include only behavior that has occurred *since the last hearing* or
has not previously been considered by the Commission**

3b. In addition, you have committed behavior that constitutes new criminal conduct in a prison facility or in a
community corrections center which is rated as Category _____ severity because it involved _____
_____,
indicating a guideline range of _____-_____ months to be added to your original    [guideline range]
[presumptive]    [effective] parole date (_____).

3c. In addition, you have committed behavior that constitutes new criminal conduct in a prison facility or in a
community corrections center which is rated as Category _____ severity because it involved _____
_____,
indicating a guideline range of _____-_____ months to be added to your original    [guideline range]
[presumptive]    [effective] parole date (_____).

3d. In addition, you have committed behavior that constitutes new criminal conduct in a prison facility or in a
community corrections center which is rated as Category _____ severity because it involved _____
_____,
indicating a guideline range of _____-_____ months to be added to your original    [guideline range]
[presumptive]    [effective] parole date (_____).

3e. In addition, you have committed behavior that constitutes new criminal conduct in a prison facility or in a
community corrections center which is rated as Category _____ severity because it involved _____
_____,
indicating a guideline range of _____-_____ months to be added to your original    [guideline range]
[presumptive]    [effective] parole date (_____).

# 2.80 Guideline Worksheet
## Salient Factor Score
## (SFS-98)

Name: _Puifory, Reginald_    Reg. No. _10597-009_

Item

**A**    **Prior Convictions/Adjudications (Adult or Juvenile)** ...... ............    `2`

None = 3;   One = 2;   Two or Three = 1;   Four or More = 0

**B**    **Prior Commitment(s) of More Than 30 Days (Adult or Juvenile)** .......    `1`

None = 2;   One or Two = 1;   Three or More = 0

**C**    **Age at Current Offense/Prior Commitments** ............. ...........    `1`

| | | |
|---|---|---|
| 26 years or more | Three or fewer prior commitments | = 3 |
| | Four prior commitments | = 2 |
| | Five or more commitments | = 1 |
| 22 - 25 years | Three or fewer prior commitments | = 2 |
| | Four prior commitments | = 1 |
| | Five or more prior commitments | = 0 |
| 20 - 21 years | Three or fewer prior commitments | = 1 |
| | Four prior commitments | = 0 |
| 19 years or less | Any number of prior commitments | = 0 |

**D**    **Recent Commitment Free Period (Three Years)** .......... ...........    `0`
No prior commitment of more than 30 days (adult or juvenile) or released to the
community from last such commitment at least 3 years
prior to the commencement of the current offense = 1; Otherwise = 0.

**E**    **Probation/Parole/Confinement/Escape Status Violator This Time** .....    `0`
Neither on probation, parole, confinement or escape status at the
time of the current offense; nor committed as a probation, parole,
confinement, or escape status violator this time =1; Otherwise =0 .

**F**    **Older Offenders** ................................ - ...........    `0`
If the offender was 41 years of age or more at the commencement
of the current offense (and the total score from Items A-E above is
9 or less) = 1; Otherwise = 0.

**TOTAL SCORE** .................................................. ...........    `4`

Date **5-18-07**

Name: *Puitory, Reginald*

Register No.: *10597-007*          Institution *USP Lewisburg*

INSTRUCTIONS: This form is to be furnished to and completed by every inmate prior to every scheduled hearing before the Parole Commission. It must be furnished at least 60 days in advance of the scheduled hearings unless such 60 day notice is waived by the inmate (see "1" below).

1. NOTICE OF HEARING: Provided you have applied for parole in the space below, you will be given a hearing by officials of the U.S. Parole Commission on the docket of parole hearings scheduled for _____ to _____, 19____.

IF THERE ARE LESS THAN 60 DAYS BETWEEN THE DATE OF THIS NOTICE AND YOUR HEARING, YOUR HEARING WILL BE POSTPONED UNTIL THE NEXT DOCKET OF PAROLE HEARINGS AT YOUR INSTITUTION *UNLESS* YOU INITIAL THE FOLLOWING WAIVER:

_____    I received this form less than 60 days from the date of my hearing. However, I hereby waive my right to 60 days
(Initials)    advance notice of the hearing time and notice of my disclosure rights, and I request to be heard as scheduled.

2. APPLICATION: I hereby apply for parole, or have previously applied and still wish to be paroled:

*Reginald Puifory* _____        _____ **5/18/07**
(Signature)                                 (Date)

3. WAIVER OF PAROLE/PAROLE HEARING:

_____  A. I wish to waive parole consideration at this time.
(Initials)

_____  B. I wish to waive my scheduled Statutory Interim Hearing and have not incurred any Institutional Disciplinary
(Initials)     Committee infractions since my last hearing.

_____  C. I wish to waive the parole effective date or presumptive parole date previously determined by the Commission. (NOTE:
(Initials)     *A previously waived parole date will be reinstated upon reapplication, provided no new adverse information exists
               in your case.*)

_____  D. I wish to waive mandatory parole.
(Initials)

NOTE:  1) If you waive parole or a parole hearing, any subsequent application or reapplication must be submitted at least 60 days prior to the first day of the month in which hearings are conducted at the institution where you are then confined.

2) Revocation hearings cannot be waived. Hearings under 28 CFR 2.28 (b-f) and rescission hearings can only be waived by waiver of the parole effective date or presumptive parole date previously determined by the Commission.

4. REPRESENTATIVE: At your hearing you may have a representative of your choice (*e.g. family member, friend, staff member, or attorney*), who will be permitted to make a statement on your behalf at the close of the hearing. The name of any representative willing and able to appear should be written in below. Arrangements for the appearance of a representative must be made through your case manager.

Name of Representative: *Amos Puifory*

IF YOU DO NOT WISH A REPRESENTATIVE, INITIAL THE FOLLOWING WAIVER:

_____  I do not wish a representative at my hearing.
(Initials)

PAROLE FORM I-24
OCT 85

2. INSTITUTION COPY