UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REGINALD PUIFORY,**     )<br>                              )<br>          **Plaintiff,**     )<br>                              )<br>          v.                )<br>                              )<br>**EDWARD F. REILLY, Jr., Chairman,** )<br>**U.S. Parole Commission, et al.**    )<br>                              )<br>          **Defendants.**    )<br>                              ) | Civil Action No.: 07-cv-1007 (RCL) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

Defendants, by and through the undersigned attorney, hereby oppose Plaintiff's Motion to Stay Proceedings pending a ruling in the purported related case of *Sellmon v. Reilly*, 06-1650 (ESH). A party is entitled to injunctive relief when it is demonstrated that (i) there is a substantial likelihood of success on the merits; (ii) irreparable harm will be caused to the party if the requested relief is not granted; (iii) that the relief sought will not substantially injure another party; and (iv) that the public interested would be furthered by the injunction. *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998). Defendants oppose Plaintiff's motion on the grounds that, not only has he not demonstrated that he is entitled to this extraordinary relief, he cannot do so.

By way of brief background, in his complaint, Plaintiff alleges that Defendants violated the *ex post facto* clause of the Constitution when they applied United States Parole Commission ("USPC") regulations instead of District of Columbia Parole Board ("Parole Board") guidelines to his initial parole determination. Defendants filed a Motion to Dismiss on the grounds that, in light of the fact that he took a second life while on parole for the first, Plaintiff cannot

demonstrate that the application of the USPC's regulations "created a *significant* risk of prolonging [his] incarceration." *Garner v. Jones*, 529 U.S. 244, 251 (2000) [emphasis added]. The application for dismissal has been fully briefed by the parties. Nevertheless, Plaintiff has applied for a stay pending the resolution in *Sellmon*, *supra*, where the *ex post facto* clause is also implicated but substantial briefing remains outstanding. Defendants contend that under *Mova Pharm. Corp.*, Plaintiff's request for a stay without any discussion of the legal standard ungirding same, fails woefully to meet the requisite standard to such extraordinary relief.

Regarding the first prong of the *Mova Pharm. Corp.* test, Plaintiff is required to establish the likelihood of success on the merits, i.e. that the application of the USPC's parole regulations significantly increased the risk of prolonging his incarceration. *Garner*, *supra*. Here, not only has Plaintiff failed to address the likelihood of success prong, he has failed to set forth any reason, other than the fact that *Sellmon* also implicates *ex post facto* issues, why a ruling in *Sellmon* will be applicable in his own case. Indeed, Plaintiff has not demonstrated that any of the Plaintiffs in the *Sellmon* matter was involved in taking two lives. Defendants contend that Plaintiff's facts are unique, *Parker v. Simmons*, 2005 U.S. App. Lexis 21816 (10th Cir. 2005) (noting that the murder of a police officer by the parole applicant presented unique facts), and a stay is unwarranted.

In addition, Plaintiff has not attempted to establish that he will be irreparably harmed if a stay is not granted. *Humane Soc. of United States v. Cavel Int'l, Inc.*, 2007 U.S. App. Lexis 10785 (D.C. Cir. 2007)(affirming issuance of a stay where the appellant demonstrated that their business's viability would be threatened without a stay). There is no irreparable harm here. Since he has not demonstrated that there is any meaningful relationship to the *Sellmon* matter,

Plaintiff's case should be decided on its unique facts and Plaintiff will be entitled to an appeal therefrom if he is dissatisfied with the outcome. In other words, Plaintiff is not and cannot be irreparably harmed. Nor has Plaintiff established the remaining prongs of the *Mova Pharm. Corp.* test. Although it is difficult to see how another party's interests will be adversely affected by the stay, it is much clearer that Plaintiff cannot demonstrate that a stay is in the public interest. If anything, the more compelling argument is that, as Defendants stated in their most recent denial of parole, Plaintiff "had [been] paroled from a previous sentence for manslaughter only 9 months prior to committing the current murder offense." *See* Dkt Ent. 7, Defendant's Motion to Dismiss, Ex. 2. Therefore, a stay cannot be in the public interest.

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion to Stay Proceedings be denied.

Dated: January 14, 2008              Respectfully submitted,

\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

\_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7157

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Opposition to Plaintiff's Motion to Stay was mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Reginald S. Puifory
R 10597-007
Lewisburg
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, PA 17837

on this 14th day of January, 2008

__/s/_____
KENNETH ADEBONOJO