UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD S. PUIFORY,  )
        Plaintiff,  )
        v.  ) Civil Action No. 07-1007 (RCL)
EDWARD F. REILLY, Jr. *et al.*,  )
        Defendants.  )

MEMORANDUM OPINION AND TRANSFER ORDER

In this civil rights action, plaintiff, a prisoner at the United States Penitentiary in Lewisburg, Pennsylvania, challenges the United States Parole Commission's denial of parole. Plaintiff claims that the Commission wrongly applied its 2000 guidelines rather than those of the defunct District of Columbia Board of Parole, in violation of the *ex post facto* clause. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Upon consideration of the parties' submissions and the record, the Court determines that this venue is improper. Rather than dismiss the complaint, however, the Court finds it in the interests of justice to transfer the case to an appropriate judicial district.

Because the individually named defendants are being sued in their official capacities as U.S. Parole Commissioners, they rightly claim that the applicable venue statute is 28 U.S.C. § 1391(e). Under that statute, a civil action must

> be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim

>occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

*Id*.  As listed in the complaint, defendants' official address is in Chevy Chase, Maryland.[1] Subsection one therefore does not provide a basis for maintaining the case in the District of Columbia.  Presumably, the events giving rise to this action occurred in Lewisburg, Pennsylvania, which is also where plaintiff currently resides and where any further parole proceedings will likely occur.[2]  Accordingly, it is

>ORDERED that pursuant to 28 U.S.C. § 1406(a), this case is TRANSFERRED to the United States District Court for the Middle District of Pennsylvania; and it is

>FURTHER ORDERED that plaintiff's motion to stay these proceedings pending the outcome of an unrelated civil action pending in this judicial district [Dkt. No. 18] is DENIED as moot.

>SO ORDERED.

_____s/_____
Royce C. Lamberth
United States District Judge

Date: April 17, 2008

---

[1] *See Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978) ("What controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an individual who is a defendant.").

[2] Although, as plaintiff claims in his opposition, his initial hearing in 2000 occurred at the District of Columbia's Central Facility, Def.'s Ex. 1, defendant did not apply the guidelines at issue. *See* Def.'s Mem. of P. & A at 2, n.2 ("Plaintiff's initial hearing was reviewed under the Commission's original 1998 guidelines for D.C. Code offenders.").  Neither plaintiff nor any documents in the record identify the location of his parole rehearings in 2002 and 2004, but the most recent denial of parole in August 2007 occurred at the Lewisburg facility.  Def.'s Ex. 2.